Curia, per Johnston, Ch.
The court is satisfied with the result of this case, except that in its judgment, the defendant should have been ordered to account for a third of the rents and profits for the time he has been in possession. Probably the point was not distinctly brought before the circuit court. The right to an account *172 appears from the case of Stevens v. Gordon, 2 Hill. Ch. R. 429, and is established also, I understand, by the case of Keith v. Keith, (not yet reported). An account is, accordingly, hereby ordered.
With regard to the money advanced by Givens to Rickard, what other view can be taken of it than that taken in the circuit decree ? In a suit between these very parties, it was held, according to the plaintiff’s own bill, to have been a payment of her legacy, to her husband. Upon what principle can she be allowed to aver against that decision ? But allowing that she is not concluded by it, what can be made of the bond and endorsement taken together, but that it was a bond to refund in case Rickard’s right to hold the money should be invalidated, for the purpose of indemnifying Givens, if he should be compelled to account to others for the amount thus improperly advanced. Rickard’s right was not invalidated, nor was Givens held liable for the amount. The claim is therefore to enforce a mortgage,' assigned by the mortgagee to the administratrix of the mortgagor, (for that, now turns out to be the character of the assignment,) when neither party has been put to any loss.
It has been argued that the «bond created a debt against Rick-ard, which was subsequently discharged by crediting the amount of his wife’s legacy: which operated as a payment by him. And it has been inferred that the principles of the decree would deprive a mortgage debtor of the right of purchasing up his outstanding mortgage and enforcing it against a subsequent purchaser, who had bought subject to it. Certainly there is nothing in the decree which concludes such a question as that, either one way or the other: and it will be time enough to decide it when a case arises. The decree proceeds upon the ground that there never was a debt. But if there was a debt, and if it was discharged by Mrs. Rickard’s legacy, that surely was no payment of it by Rickard, if, as is contended, he was not entitled to that legacy. If. he was entitled to the legacy, then by the very terms of the endorsement on the bond, he was not bound to refund it. This, then, is a case in which the mortgage debtor never was liable to pay, and if liable, never did pay a farthing; and in which the mortgagor never had occasion to demand payment — and yet, simply because the one has *173 assigned the instrument to ihe other, the court is asked to give it operation.
De Treville, for the motion.
But it is said, that although Givens never had occasion to enforce his mortgage, yet it was a valid instrument in his hands, which he had a right to enforce : and that if Rickard had not a right to his wife’s legacy, then the application of it to the debt was a payment by her: and that she has a right to have the mortgage thus purchased up with her funds, enforced for her personal benefit. — > This is a renewal of the ground taken on the circuit, where the assignment was supposed to have been made to Mrs. Rickard, in her own right. But the reply is conclusive, that the fact has been established, in the case to which her own bill refers, that the money was rightfully paid to her husband, and whether that decision was correct or incorrect, it concludes her, and cannot be reviewed or reversed collaterally.
Hakpek and DunkiN, Chancellors, concurred.